UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

**MAY 1 4 2015**

CLERK

| | |
|---|---|
| JOHN LEGRAND,<br><br>        Plaintiff,<br><br>vs.<br><br>DARIN YOUNG, WARDEN; AND THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>        Defendants. | 4:14-CV-04160-RAL<br><br><br>OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

John LeGrand is a prisoner confined at the South Dakota State Penitentiary. Doc. 1 at 1. LeGrand petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that his conviction is the result of an involuntary plea and ineffective assistance of counsel. Because the South Dakota state courts have reasonably applied the proper federal standards to deny relief on LeGrand's exhausted claims and relied on independent and adequate state grounds to reject LeGrand's other claims, LeGrand's request for habeas corpus relief is denied.

**I.     Background**

**A. Underlying Conviction**

LeGrand shot and killed R.J. Hein, who was an employee of LeGrand and who had a dispute with LeGrand over his wages. LeGrand v. Weber, 855 N.W.2d 121, 124 (S.D. 2014). At around 5:30 p.m., on April 16, 2009, after LeGrand had been warned by a mutual acquaintance that "there was going to be problems," Hein arrived at LeGrand's Huron, South Dakota home. Id. According to LeGrand's factual basis statement, an insistent Hein entered LeGrand's home and was coming

1

toward the bedroom where LeGrand had armed himself with a shotgun. Doc. 10-32 at 2–3. LeGrand shot Hein four times, fatally wounding him. LeGrand, 855 N.W.2d at 124; Doc. 10-32 at 2–3. Police found Hein's body on the driveway of LeGrand's home. LeGrand, 855 N.W.2d at 124. Two knives were discovered on Hein's person, and a third was found near the entry to LeGrand's home. Id. Hein had a 0.30 blood alcohol content. Id.

A Beadle County grand jury indicted LeGrand for second-degree murder, first-degree manslaughter, and possession of a firearm by a felon on July 29, 2009. Id. Randy F. Stiles and Donna Bucher were appointed to represent LeGrand in the murder trial. Id.; Doc. 10-27 at 31–32; Doc. 10-29 at 7. Shortly after the April 16 shooting, LeGrand moved with his family to Sturgis, Meade County, South Dakota. While living in Sturgis, LeGrand was arrested and charged in Meade County with nine counts of distribution of controlled substances (collectively Meade County charges). LeGrand, 85 N.W.2d at 124; Doc. 10-28 at 36. The aggregate maximum penalty for the Meade County charges was 175 years' imprisonment according to LeGrand's counsel in that case. LeGrand, 85 N.W.2d at 124 n.2.

On September 8, 2010, LeGrand signed a plea agreement resolving both cases. Id. Pursuant to the agreement, LeGrand pleaded guilty to first-degree manslaughter and certain of the Meade County charges and the remaining charges arising from LeGrand killing Hein were dismissed. Id. The state agreed to request a sentence of no more than forty years for Hein's death and recommend that the Beadle County and Meade County sentences run concurrently. Id. During the plea hearing held that same day, the trial court[1] engaged LeGrand in an extended colloquy in which they discussed the constitutional rights LeGrand would be waiving by entering a guilty plea. Id. at 124–25. LeGrand acknowledged to the trial court that he had reviewed, understood, and signed the plea agreement, which expressly stated that he was waiving "any affirmative defense, including self-

---

[1]The Honorable Vincent A. Foley, the Circuit Court of the Third Judicial Circuit, Beadle County, South Dakota.

2

defense, and any claims of excusable or justifiable homicide." Id.; Doc. 10-26 at 14; see also Doc. 10-31 (plea agreement); Doc. 10-32 (acknowledgment of rights and consent to the plea agreement). LeGrand was motivated to enter into the plea agreement because of the Meade County charges, and he agreed that it was a fair compromise for the disposition of all the charges. LeGrand, 855 N.W.2d at 125. The trial court also gauged LeGrand's competence to enter the guilty plea. At the time, LeGrand was a high school educated forty-two-year-old who understood English. Id. LeGrand told the trial court that he was on anti-anxiety medication that helped him function and understand the proceedings. Id. Having reviewed and signed the plea documents with his attorneys prior to the plea hearing, LeGrand understood the nature and consequences of the plea documents. Id. LeGrand pleaded guilty to first-degree manslaughter and the trial court determined that LeGrand's guilty plea was voluntary, knowing, and intelligent. Id.

Prior to being sentenced, LeGrand filed a motion to withdraw his guilty plea to first-degree manslaughter and submitted a supporting affidavit explaining that he considered himself to have a valid self-defense argument. Id. After initially denying the motion as reflecting a mere change of mind, Doc. 10-23 at 14, the trial court allowed LeGrand to raise two new arguments—coercion and mental impairment induced by medication—as rationales supporting withdrawal of his plea, Doc. 10-23 at 14, 21. The trial court denied LeGrand's coercion rationale, Doc. 10-23 at 21–22, but postponed sentencing in order to hear more evidence regarding the medications LeGrand was taking at the time of his guilty plea and their possible effects on his ability to voluntarily and knowingly enter a plea, Doc. 10-23 at 24–26; Docs. 10-24, -25.

At a subsequent hearing on the motion to withdraw the guilty plea, the trial court heard testimony from a psychiatrist who had treated LeGrand (but who did not see LeGrand personally around the time of the guilty plea), Doc. 10-25 at 6–7; two physician assistants who had treated LeGrand while he was in the Beadle County Jail, Doc. 10-25 at 26–27, 33–34; and the Deputy Sheriff in charge of the Beadle County Jail, who had fairly regular contact with LeGrand while

3

LeGrand was in the Beadle County Jail, including on the day of his guilty plea, Doc. 10-26 at 39. The psychiatrist testified that LeGrand had been prescribed three medications at the time of his guilty plea: a normal dosage of trazodone,[2] a normal dosage of temazepam,[3] and a high dosage of clonazepam[4] (twelve milligrams per day). Doc. 10-26 at 8–12, 17–19. LeGrand was on this particular prescription medicine regimen from July 30, 2009 to October, 2, 2009, after which he was taken off of the clonazepam. Doc. 10-26 at 12.   The psychiatrist testified that, if LeGrand was impaired by the medications, he likely would have exhibited noticeable symptoms similar to alcohol impairment. Doc. 10-26 at 15. Neither physician assistant saw LeGrand on the day of his guilty plea, but both treated him in the weeks following (for reasons other than mental health), while he was still on the same dosages of his medications. Doc. 10-25 at 28, 35. They both testified that LeGrand did not show signs of impairment during those visits. Doc. 10-25 at 28, 35. The Deputy Sheriff in charge of the Beadle County Jail testified that he had talked to LeGrand on several occasions, that he familiarized himself with LeGrand's demeanor, and that on the day of LeGrand's plea hearing LeGrand did not appear impaired, foggy, or blunted. Doc. 10-25 at 41–43. The Deputy Sheriff also testified that the county jail kept a log of when each medication was administered to an inmate, which includes signatures of both the staff and the inmate.[5]   Doc.10-25 at 40. Following the testimony of all the witnesses, the trial court heard argument from both parties regarding the motion to withdraw the guilty plea, and concluded that LeGrand had not been impaired by his medications.

---

[2]Trazodone is an antidepressant that is "thought to work by increasing the activity of serotonin in the brain."   Drugs and Supplements: Trazadone (Oral Route), Mayo Clinic (April 1, 2015), http://www.mayoclinic.org/drugs-supplements/trazodone-oral-route/description/drg-20061280.

[3]Temazepam is a central nervous system depressant used to treat insomnia. Drugs and Supplements: Temazepam (Oral Route), Mayo Clinic (April 1, 2015), http://www.mayoclinic.org/drugs-supplements/temazepam-oral-route/description/drg-20072162.

[4]Clonazepam is a central nervous system depressant used to treat seizure disorders and panic disorders.   Drugs and Supplements: Clonazepam (Oral Route), Mayo Clinic (April 1, 2015), http://www.mayoclinic.org/drugs-supplements/clonazepam-oral-route/description/drg-20072102.

[5]LeGrand and the state do not dispute that LeGrand was taking his medications at the full dosages prescribed.

4

Doc. 10-25 at 49–50. The trial court denied the motion to withdraw the guilty plea. Doc. 10-25 at 49–50.

LeGrand was sentenced to concurrent prison terms of forty years for first-degree manslaughter and twenty years for the Meade County charges. Docs. 10-1, -2. LeGrand appealed his first-degree manslaughter conviction to the Supreme Court of South Dakota, arguing that the trial court erred in not granting the motion to withdraw his guilty plea. Doc. 10-4. The conviction was summarily affirmed by the Supreme Court of South Dakota on August 29, 2011. Doc. 10-3. LeGrand did not petition the Supreme Court of the United States for a writ of certiorari.

### B. State Habeas Proceedings

On April 23, 2012, LeGrand filed a pro se Petition for Writ of Habeas Corpus in the Circuit Court of the Third Judicial Circuit, Beadle County, South Dakota, challenging the validity of his plea and the denial of his motion to withdraw his plea. Doc. 10-6. After new counsel was appointed for LeGrand in the state habeas proceedings, he filed amended and second amended petitions for writ of habeas corpus, adding ineffective assistance of counsel claims as a third ground for relief and clarifying LeGrand's pro se claims. Docs. 10-7, -8. The state habeas court held an evidentiary hearing in which it heard evidence regarding LeGrand's ineffective assistance of counsel claims, as well as some evidence on LeGrand's other grounds for relief. Docs. 10-27 through -30.

In LeGrand's due process challenge to the validity of his guilty plea, he argued:

(1)     Applicant's factual basis statement alerted the court of a possible self-defense, defense of family, or defense of property claim.

(2)     Applicant was not adequately canvassed on the availability of that defense of the burden of proof in a self-defense case.

(3)     Absent adequate canvassing, the plea and the waiver of his right to trial was [not] knowing and intelligent.

Doc. 10-8 at 4. The court handling the state habeas action found that LeGrand had entered a voluntary, knowing, and intelligent plea to secure the benefit of his plea bargain, and denied LeGrand's claim that the plea was invalid. Doc. 10-10.

In LeGrand's challenge to the denial of his motion to withdraw his guilty plea, he argued:

> (1)    The trial court acknowledged self-defense as a tenable defense given the facts in this case, yet failed to address that issue in the plea colloquy when the Applicant's factual basis statement should have alerted the Court of the potential problem.
>
> (2)    Two of the five factors in determining whether a court should allow withdrawal of a plea are "actual innocence" and if the guilty plea was "contrary to the truth." State v. Schmidt, 2012 S.D. 77, ¶17, citing State v. Grosh, 387 N.W.2d 503, 506 (S.D. 1986).
>
> (3)    The trial court failed to honor the legal presumption in favor of withdrawal when it found the State would not be prejudiced by the withdrawal prior to sentencing.

Doc. 10-8 at 4–5. In denying relief on this ground, the court handling the state habeas action found no error in the trial court's finding that the request to withdraw LeGrand's guilty plea was the product of a mere change of mind, which did not entitle LeGrand to withdrawal of his plea. Doc. 10-10.

LeGrand argued that his trial counsel was ineffective before and after sentencing. To support his claim that counsel was ineffective before sentencing, LeGrand argued:

> (1)    Counsel did not adequately advise and counsel Applicant relative to potential defenses, including self-defense, defense of others, and defense of one's property.
>
> (2)    Counsel neither timely filed nor zealously advocated for withdrawal of Applicant's guilty plea before sentencing:
>> (a)    failure to advocate as to the merits of the defense;
>>
>> (b)    failure to make an adequate record relative to Findings of Fact and Conclusions of Law.

Doc. 10-8 at 5. In support of his post-sentencing ineffective assistance of counsel claim, LeGrand argued:

> (1)    Counsel failed to adequately argue the presumption in favor of liberally allowing withdrawal of a plea before sentencing.
>
> (2)    Counsel failed to provide sufficient written argument to prevent summary affirmance.

Doc. 10-8 at 5. The court handling the state habeas case found that trial counsel's advice and advocacy before and after sentencing was reasonable, and denied both ineffective assistance claims. Doc. 10-10.

LeGrand appealed the denial of his petition for writ of habeas corpus to the Supreme Court of South Dakota, which affirmed the judgment of the habeas court on October 1, 2014. LeGrand, 855 N.W.2d at 126–33. LeGrand did not petition the Supreme Court of the United States for a writ of certiorari.

On October 24, 2014, LeGrand filed his pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court.

## II.    Analysis

### A. Exhaustion and Procedural Default

A district court may grant a petition for writ of habeas corpus if a person is held in state custody in violation of the laws, treaties, or Constitution of the United States. 28 U.S.C. § 2254(a). LeGrand's timely-filed petition cites three grounds for which he claims he is entitled to habeas relief: (1) his guilty plea was invalid; (2) the trial court abused its discretion in denying his motion to withdraw his guilty plea; and (3) his appointed counsel provided ineffective assistance. LeGrand bases each of these grounds on a number of theories.

The state argues that LeGrand has not exhausted all of his claims for habeas relief. A district court generally cannot grant habeas relief unless a petitioner has exhausted his or her state court remedies. § 2254(b)(1). This exhaustion requirement is met if the state courts are given one "full and fair opportunity to resolve federal constitutional claims." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." Welch v. Lund, 616 F.3d 756, 758 (8th Cir. 2010). A procedural default is an independent and adequate state ground for a judgment and will normally preclude a federal court from reviewing the defaulted claim on the merits unless a petitioner can

show "cause and prejudice" sufficient to excuse the default. Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Welch, 616 F.3d at 760. Each factual and legal theory must be properly exhausted in state court, even if the theories allege a violation of the same constitutional or legal provision. Perry v. Kemna, 356 F.3d 880, 886 (8th Cir. 2004)

Following his conviction, LeGrand appealed the denial of the motion to withdraw his guilty plea to the Supreme Court of South Dakota. Doc. 10-4. LeGrand also challenged his conviction in a state petition for a writ of habeas corpus on the ground that he was denied effective assistance of counsel, which he appealed to the Supreme Court of South Dakota. See LeGrand, 855 N.W. 2d at 123–24. LeGrand has successfully exhausted his state court remedies on both of these grounds. O'Sullivan, 526 U.S. at 845. Additionally, LeGrand challenged the validity of his guilty plea in his petition for state habeas corpus relief and on appeal to the Supreme Court of South Dakota, arguing the theory that his lack of knowledge about his affirmative defenses rendered it unknowingly entered. LeGrand, 855 N.W.2d at 123–24, 126. Thus, the state remedies for that alleged ground for relief have been exhausted. O'Sullivan, 526 U.S. at 845. The issue is whether LeGrand has exhausted his claim that he was too heavily medicated at the time of his plea for it to have been made voluntarily, knowingly, and intelligently. Doc. 10 at 10–11.

LeGrand argued in his initial petition for habeas relief in state court that his medications prevented him from entering a voluntary, knowing, and intelligent plea to the trial court, Doc. 10-6, but that theory was not argued on appeal to the Supreme Court of South Dakota, Doc. 10-15; see also LeGrand, 855 N.W.2d at 126–29 (concluding that LeGrand voluntarily and intelligently pleaded guilty without addressing his medications). Thus, LeGrand has procedurally defaulted on the theory that he lacked the mental capacity to enter a valid guilty plea. O'Sullivan, 526 U.S. at 845. LeGrand made no effort to show cause for his default, therefore it cannot be excused under the ordinary "cause and prejudice" standard.

8

In extraordinary circumstances, procedural default also may be excused to prevent the "fundamental miscarriage of justice" that arises when a constitutional violation has "probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 321 (1995) (adopting the standard articulated in Murray v. Carrier, 477 U.S. 478 (1986)); Welch, 616 F.3d at 760 (quoting Carrier, 477 U.S. at 496). LeGrand's claim that he had a valid defense against the manslaughter charge can be viewed as a claim that he is actually innocent of the crime.[6] Petitioners claiming the fundamental miscarriage of justice excuse for a procedural default "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" House v. Bell, 547 U.S. 518, 536–37 (2006) (quoting Schlup, 513 U.S. at 327). The standard required in Murray v. Carrier is more difficult to meet than a showing of prejudice, Schlup, 513 U.S. at 327, which merely requires a showing "that there is a reasonable probability that, but for [the constitutional] errors, the result of the proceeding would have been different," Strickland v. Washington, 466 U.S. 668, 694 (1984). In other words, LeGrand's assertions that he would not have pleaded guilty to the manslaughter charge but for the alleged constitutional errors are insufficient to excuse procedural default; rather he must show that had he gone to trial "it is more likely than not that no reasonable juror would have convicted him," Bousley, 523 U.S. at 623 (quoting Schlup, 513 U.S. at 327–28). This requires the court to consider the likely effect the available evidence would have on a jury, not to make its own determination of the petitioner's guilt or innocence. Schlup, 513 U.S. at 329.

---

[6]LeGrand's guilty plea does not preclude the application of the fundamental miscarriage of justice exception because he is challenging the constitutionality of his plea. See Bousley v. United States, 523 U.S. 614, 623–24 (1998); Weeks v. Bowersox, 119 F.3d 1342, 1349–53 (8th Cir. 1997) (en banc) (addressing whether petitioner who was convicted after guilty plea had sufficiently shown actual innocence to excuse his procedural default; see also Freeman v. Trombley, 483 F. App'x 51, 57 (6th Cir. 2012) (noting that evidence is considered new if it was not introduced at trial).

LeGrand has not offered sufficient evidence for this Court to find that no reasonable juror would have convicted him of first-degree manslaughter. LeGrand admitted[7] that he shot Hein four times with a shotgun, killing him. Doc. 10-26 at 17–18; Doc. 10-32 at 2–3. LeGrand presented no new evidence with his petition showing that the shooting was justified; in fact, LeGrand presented no evidence at all. See Doc. 1-1. Bare claims that a petitioner could present evidence that would exonerate him are not sufficient to establish actual innocence. Weeks v. Bowersox, 119 F.3d 1342, 1352–53 (8th Cir. 1997) (en banc) (holding "mere allegations" of actual innocence are not sufficient to invoke the actual innocence gateway to habeas review of procedurally defaulted claims). And while there are references on the record to facts that may have helped establish an affirmative defense—including references to the knives found in Hein's possession—there is no evidence in this Court's record directly addressing the circumstances surrounding Hein's death, other than LeGrand's factual basis statement. That statement acknowledges the argument between LeGrand and Hein and the fact that Hein was "coming towards" LeGrand when LeGrand shot him, but it does not establish that a reasonable juror probably would have found LeGrand was justified in shooting Hein four times with a shotgun.[8]   LeGrand has failed to meet the fundamental miscarriage of justice threshold, and thus the procedural default bars review of his claim that he was too heavily medicated to make a knowing and voluntary guilty plea.

Even if this Court were to reach the merits of LeGrand's claim of impairment during the plea hearing, the record would not support granting LeGrand's petition for writ of habeas corpus. A defendant is mentally competent to enter a guilty plea if he has "sufficient present ability to consult

---

[7]LeGrand's claim challenges the validity of his guilty plea, but he has never claimed that he did not shoot and kill Hein. Rather, LeGrand asserts that the shooting was justified and that, while the statements in his factual basis were accurate, the factual basis statement omitted facts that would have been helpful to his defense.

[8]LeGrand is not entitled under these circumstances to an evidentiary hearing to establish that actual innocence excuses procedural default. "[I]t is the petitioner's, not the court's, burden to *support* his allegations of actual innocence by *presenting* new reliable evidence of his innocence." Weeks, 119 F.3d at 1353 (quoting Battle v. Delo, 64 F.3d 347, 354 (8th Cir. 1995)).

with his lawyer with a reasonable degree of rational understanding . . . and . . . has a rational as well as factual understanding of the proceedings against him." Godinez v. Moran, 509 U.S. 389, 396, 400 (1993) (internal quotation omitted) (applying the same standard to competency to plead guilty as is applied to competency to stand trial). The record shows that the medications had not impaired LeGrand's ability to competently enter a guilty plea.

The state trial court engaged LeGrand in a thorough colloquy in part to determine whether LeGrand was competent to plead guilty. Doc. 10-26 at 6–18. During the colloquy, LeGrand told the court that he was taking clonazepam, trazodone, and temazepam for anxiety, that the medications were prescribed by a physician, and that they helped him understand the proceedings. Doc. 10-26 at 15. LeGrand also told the court that he understood his rights, that he was able to consult with his attorneys, and that he agreed that the plea agreement was a "fair compromise" that would dispose of both the Beadle County and Meade County charges. Doc. 10-26 at 6–11. The state court found that LeGrand understood his rights, recognized the terms and effect of the plea agreement, and was competent to enter his guilty plea. Doc. 10-26 at 16. After LeGrand requested leave to withdraw his guilty plea, the state court held an evidentiary hearing specifically to determine whether LeGrand's ability to knowingly enter a guilty plea was impaired by his anxiety medications. See Doc. 10-25. Testimony from a psychiatrist with knowledge of LeGrand's medical history, Doc. 10-25 at 6–24; two physician assistants who had treated and observed LeGrand around the time of the plea hearing, Doc. 10-25 at 26–36; and a Deputy Sheriff who had regular contact with LeGrand in jail, including on the day of LeGrand's plea, Doc. 10-25 at 39–49, supported the state court determination that LeGrand's mental capacity was not impaired when he pleaded guilty to first-degree manslaughter, Doc. 10-25 at 52–54. Based in part on the finding that LeGrand "underst[ood] and that he knowingly, voluntarily and intelligently entered a guilty plea,"—that is, that LeGrand had entered a constitutionally valid plea—the state court decided not to allow LeGrand to withdraw his plea. Doc. 10-22 at 3; Doc. 10-25 at 52–54. The Supreme Court of South Dakota summarily affirmed that

decision, Doc. 10-3, and LeGrand's competence at the plea hearing was affirmed again at the circuit court level in state habeas review, Doc. 10-10 at 3.

The factual determination of the state court that LeGrand was not impaired by his medications at the plea hearing must be presumed to be correct, and LeGrand bears the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). LeGrand has not presented this Court with any new evidence that would rebut the presumption of correctness of the state court findings. Moreover, LeGrand's testimony during the state habeas corpus hearing during which he clearly recalled the meetings with counsel leading up his plea hearing but claimed only a foggy memory of the plea hearing itself, Doc. 10-27 at 30–32, belies his claim that the medication impaired his ability to understand the proceedings.[9] Thus, even if this Court would reach the merits of this claim, the evidence on the record would not support granting LeGrand's petition for writ of habeas corpus because LeGrand's medication did not prevent him from entering a voluntary, knowing, and intelligent plea.

### B. Validity of the Guilty Plea

In his first properly exhausted claim, LeGrand asserts that his guilty plea is invalid as a violation of due process. LeGrand argues that the plea was made involuntarily, unknowingly, and unintelligently because, LeGrand claims, he was not sufficiently informed of his potential defenses. This claim cannot support a petition for writ of habeas corpus because, even if true, it does not violate the laws or Constitution of the United States. See 28 U.S.C. § 2254(a).

"A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). This standard requires that the record show the defendant is aware of the

---

[9]LeGrand was on the same medication regimen from July 30, 2010 to October 2, 2010, Doc. 10-25 at 12–13, the period during which LeGrand discussed the plea agreement with counsel and ultimately entered his guilty plea in court.

12

elements of the offense to which he is pleading, Henderson v. Morgan, 426 U.S. 637, 644–45 (1976), and understands the constitutional rights waived by a guilty plea—the right against self-incrimination, the right to trial by a jury, and the right to confront accusers—before his plea is considered voluntary and intelligent, Boykin v. Alabama, 395 U.S. 238, 243 (1969). However, "conscious waiver" of each possible defense to the crime charged is not necessary for a defendant's guilty plea to be voluntarily and intelligently made. See United States v. Broce, 488 U.S. 563, 573–74 (1989). Thus, even if LeGrand did not fully understand his affirmative defenses, such lack of knowledge does not vitiate the constitutionality of his plea.

Moreover, even if LeGrand had a constitutional right to be informed of the plausible defenses, the record shows that LeGrand was sufficiently aware of his possible defenses. The Supreme Court of South Dakota found that LeGrand had been adequately informed of the potential affirmative defenses in his case—both self-defense and justifiable homicide. LeGrand, 855 N.W.2d at 128–29. A petition for writ of habeas corpus may not be granted with respect to "any claim that was adjudicated on the merits in State court proceedings unless" the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The state court's factual conclusion that LeGrand had been adequately informed of his potential defenses was supported by the state habeas record. Both of LeGrand's attorneys had testified at the state habeas hearing that they had explored the strengths and weaknesses of LeGrand's case with him, including potential affirmative defenses. Doc. 10-27 at 43–44, 46, 80, 101–02, 104, 110. LeGrand stated to the court at his plea hearing that he had read and understood the plea agreement and the acknowledgement of rights and consent to the plea agreement, Doc. 10-26 at 6, 12, both of which expressly noted that LeGrand was waiving all defenses, including self-defense and justifiable homicide, Doc. 10-31 at 1; Doc. 10-32 at 2.

13

The Supreme Court of South Dakota then reasonably found that LeGrand's plea was made voluntarily and intelligently. LeGrand, 855 N.W.2d at 129. The court supported that determination by citing to the plea colloquy through which the circuit court evaluated LeGrand's knowledge of the charges and their potential consequences, the rights he was waiving by entering a plea, and LeGrand's capacity to enter the guilty plea. Id. at 128–29. The plea hearing transcript shows that LeGrand was informed of and understood the charges against him, understood the constitutional rights that he was waiving by entering a guilty plea, and was voluntarily choosing to enter the plea in order to secure the benefit of a plea agreement. Doc. 10-26 at 4–17.

The factual determinations of the state courts are supported by the evidence on the record, and the decisions were reasonable and correct applications of federal law. Therefore, LeGrand is not entitled to habeas relief on the grounds of an involuntary, unintelligent, or unknowing guilty plea.

## C. Motion to Withdraw Guilty Plea

LeGrand's second properly exhausted ground for relief alleges that the circuit court unlawfully denied his motion to withdraw his guilty plea. In support of this claim, LeGrand again argues that he may have had a viable defense, that the medications he took confused him, and that he was not advised of the "potential effects of pleading justifiable homicide and/or self-defense," though he admits he "understood the nature of the charges." Doc. 1 at 10. This ground does not support granting LeGrand's petition for writ of habeas corpus.

A federal court can only grant a writ of habeas corpus for a petitioner in state custody if he or she establishes that the confinement violates "the Constitution or laws . . . of the United States." 28 U.S.C. § 2254. The refusal to allow withdrawal of the guilty plea was part of LeGrand's direct appeal of his conviction, but LeGrand's argument was based entirely on state law. See Docs. 10-4 through -5. Nothing in the record suggests that LeGrand was denied procedural due process relating to the motion; the circuit court held multiple hearings to determine whether to allow withdrawal of the plea, including an extensive hearing devoted to LeGrand's mental capacity at the time of his

14

guilty plea, before denying LeGrand's motion.  Docs. 10-23 through -25.  Furthermore, there is no

Supreme Court precedent granting a defendant the right to withdraw a valid guilty plea.  To the

contrary, Supreme Court decisions suggest that a defendant does not have a constitutional right to

withdraw a valid guilty plea.  See United States v. Hyde, 520 U.S. 670 (1997) (evaluating district

court's denial of motion to withdraw guilty plea only on issue of whether the court properly applied

the Federal Rules of Criminal Procedure); Kercheval v. United States, 274 U.S. 220, 223–24 (1927)

("A plea of guilty . . . is itself a conviction.  Like a verdict of a jury it is conclusive.  More is not

required; the court has nothing to do but give judgment and sentence. . . . When one so pleads he may

be held bound."); see also Roberson v. United States, 901 F.2d 1475, 1477 (8th Cir. 1990) (noting

that a defendant "is not automatically entitled to withdraw his [guilty] plea" even when it was entered

in a plea hearing that did not comply with Federal Rule of Criminal Procedure 11, which governs

acceptance of pleas).  LeGrand has not alleged a violation of federal law in this ground for relief,

therefore this portion of his petition for writ of habeas corpus is denied.

### D.  Ineffective Assistance of Counsel

LeGrand's final ground for relief alleges that his counsel was ineffective at three different

stages of his case:  (1) prior to entering the guilty plea; (2) during argument and evidentiary hearings

regarding the motion to withdraw the guilty plea; and (3) during direct appeal.  Doc. 1 at 11–12.

Each of the ineffective assistance of counsel theories was argued to the Supreme Court of South

Dakota during LeGrand's state habeas proceeding.

When a claim has been adjudicated on the merits in a state court, a petition for writ of habeas

corpus cannot be granted unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

28 U.S.C. § 2254(d). To make a showing that a state court made an unreasonable determination of the facts, a petitioner must present clear and convincing evidence that "the state court's presumptively correct factual finding lacks evidentiary support." Trussell v. Bowersox, 447 F.3d 588, 591 (8th Cir. 2006).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) present distinct questions. Bell v. Cone, 535 U.S. 685, 694 (2002) (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)). A state court's legal determination is contrary to federal law if it reaches the opposite conclusion as the Supreme Court on a question of law or if, when confronting materially indistinguishable facts as a case decided by the Supreme Court, it reaches a different conclusion. Williams, 529 U.S. at 405. If a state court correctly identifies the controlling legal principle, but applies it to the facts of a case in an unreasonable manner, then the decision runs afoul of the "unreasonable application" clause of § 2254(d)(1). Id. at 407–08. "[A]n *unreasonable* application of federal law is different than an *incorrect* application of federal law." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Williams, 529 U.S. at 410). This is a "highly deferential standard" that is "difficult to meet." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011) (quotations omitted). Evaluation of a state court's application of federal law focuses on "what a state court knew and did . . . measured against [the Supreme] Court's precedents as of 'the time the state court render[ed] its decision.'" Id. at 1399 (quoting Lockyer v. Andrade, 538 U.S. 63, 71–72 (2003)). "If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must" show the state court's legal determination was deficient "on the record that was before that state court." Id. at 1400.

The legal standard for ineffective assistance of counsel claims is well-settled. The Sixth Amendment secures a criminal defendant the right to the assistance of counsel to investigate his or her case and prepare a defense. Kansas v. Ventris, 556 U.S. 586, 590 (2009). A conviction may be reversed if a convicted defendant can show that his or her trial counsel made errors grievous enough to have deprived him of his Sixth Amendment right to such assistance of counsel. Strickland v.

Washington, 466 U.S. 668, 687 (1984).  The courts apply the two-part test articulated in Strickland, requiring deficient performance by counsel and prejudice to the defendant, to determine whether counsel performed poorly enough to justify reversal of the conviction.  First, the defendant must show that counsel was deficient, that is, that trial counsel's performance fell below that of a "reasonably competent attorney."  Id.  Second, the defendant must show that the trial counsel's deficient performance had an effect on the judgment.  Id. at 691.  "Judicial scrutiny of counsel's performance must be highly deferential," and courts must take care to avoid the temptation to use the benefit of hindsight to deem a trial strategy unreasonable after it has proved to be unsuccessful.  Id. at 689.  Habeas review of a state court decision applying the Strickland standard is "doubly deferential" because a court must take a "highly deferential look at counsel's performance through the deferential lens of § 2254(d)."  Cullen, 131 S. Ct. at 1403 (internal quotations and citations omitted).

### 1. Representation and Advice Prior to the Guilty Plea

The Supreme Court of South Dakota found that the record supported the factual determination made by the habeas court that LeGrand had "sufficient awareness of the affirmative defenses of self-defense and justifiable homicide at the time of the plea hearing."  LeGrand, 855 N.W.2d at 131.  The Supreme Court of South Dakota then went on to find that the performance of LeGrand's counsel "fell within the 'wide range of professional assistance.'"  Id.  The factual determination of the Supreme Court of South Dakota was supported by the evidence available to it, and its Strickland determination was a proper application of federal law.

At the evidentiary hearing held to determine whether LeGrand should be afforded state habeas relief, LeGrand and his original trial counsel testified to the extent of his knowledge about relevant defenses to the murder and manslaughter charges against LeGrand.  LeGrand testified that in the two or three meetings with his counsel prior to entering his guilty plea, including a twenty-five minute meeting on the day of the plea, his trial counsel only discussed the negative aspects of his case without explaining to him the possible defenses of justifiable homicide, defense of family, and

17

self-defense and the burdens of proof thereon. Doc. 10-27 at 13, 16–22, 33. However, both of LeGrand's trial attorneys testified that they talked with him about the relevant defenses, including self-defense and justifiable homicide, discussing both the positive and negative aspects of his case before recommending that he accept the plea agreement. Doc. 10-27 at 43–46, 80, 101–04, 110. LeGrand's plea agreement and acknowledgment of rights contained signed statements from LeGrand stating that he knew and understood that he was waiving the right to present "any affirmative defense, including self-defense, and any claims of excusable or justifiable homicide." Doc. 10-31 at 1; Doc. 10-32 at 2. Thus the determination that LeGrand's counsel had informed him of the affirmative defenses that may apply in his case, as well as their strengths and weaknesses, was supported by the evidence on the record.

The Supreme Court of South Dakota properly applied the Strickland test to analyze LeGrand's ineffective assistance claim. LeGrand, 855 N.W.2d at 130–31. With LeGrand's counsel having informed him of the strengths and weaknesses of his case and the likelihood that LeGrand would face incarceration from the charges pending at the same time in Meade County, it was not unreasonable for the Supreme Court of South Dakota to find that LeGrand's counsel provided adequate representation in securing the plea agreement and advising LeGrand to accept it to avoid the risk of an even longer prison sentence.

**2. Advocacy During Pendency of Motion to Withdraw the Guilty Plea**

The Supreme Court of South Dakota affirmed the findings of the habeas court that LeGrand could neither show deficient performance by his counsel nor prejudice during the pendency of the motion to withdraw the guilty plea. The court's factual determinations are supported by the evidentiary record. The court also properly applied federal law in reaching its legal conclusion that counsel was not deficient and that LeGrand had not shown prejudice.

Specifically, the Supreme Court of South Dakota correctly found that LeGrand's trial counsel filed a tersely-worded motion to withdraw his guilty plea and a supporting affidavit prior to

sentencing. LeGrand, 855 N.W.2d at 132. That court also found that LeGrand's counsel had made reasonable arguments advocating for withdrawal of LeGrand's guilty plea. Id. The evidence on the record supports these factual determinations. LeGrand initially argued that the plausible defenses to his conviction supported allowing him to withdraw his guilty plea. Doc. 10-23 at 1–14. But counsel also argued other grounds for granting leave to withdraw. Counsel pointed out to the court that LeGrand mentioned feeling pressured to enter his guilty plea, Doc. 10-23 at 14, which the court allowed LeGrand and counsel to explore and argue, Doc. 10-23 at 14–21. Finally, counsel argued that LeGrand should be allowed to withdraw the plea because of his alleged impairment at the plea hearing, successfully delaying sentencing to allow for additional evidence to be heard regarding the effects of the medications LeGrand was taking at the time of the plea hearing. Doc. 10-23 at 21–28; Doc. 10-24; Doc. 10-25. LeGrand has not met his burden of showing that the habeas court made an unreasonable determination of fact with regard to his trial counsel's advocacy during the pendency of the motion to withdraw his guilty plea. See Trussell, 447 F.3d at 591.

The Supreme Court of South Dakota also properly applied federal law when determining that LeGrand's counsel was not deficient and that no prejudice was shown. The Strickland test requires showing that counsel was constitutionally deficient and that the deficient performance prejudiced the defendant. Strickland, 466 U.S. at 687. A "defendant's own statements or actions" can substantially influence the reasonableness of counsel's conduct as well. Id. at 691. In this case, the Supreme Court of South Dakota reasonably found that filing a motion to withdraw a plea on the day of, but prior to, sentencing was not deficient performance. Under South Dakota law, a motion to withdraw a plea must be made before a sentence is imposed, and no other provision exists regarding to the timing of the motion. See S.D. Codified Law § 23A-27-11. The Supreme Court of South Dakota reasonably could find that the advocacy of LeGrand's counsel was within the wide range of permissible representation. The affidavit signed by LeGrand initially only stated one reason for the withdrawal of his plea—the availability of the defense of self-defense, Doc. 10-33—but counsel

successfully adapted their arguments on the fly as other issues arose regarding possible coercion and mental health medications, Doc. 10-23.

Even if counsel were deficient in handling the request to withdraw the guilty plea, LeGrand did not show prejudice. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. There clearly was no prejudice from the timing of the filing of the motion to withdraw the guilty plea in that the circuit court postponed sentencing and conducted hearings on the motion. Even if LeGrand's counsel had filed the motion the day after entering the plea, there is no reasonable probability that the outcome of the motion would have been different. Furthermore, LeGrand's affidavit in support of the motion and his initial statements at the motion hearing show that LeGrand's initial reason for seeking to withdraw his plea was that he had considered it further and changed his mind. More zealous advocacy on the part of LeGrand's counsel would not have led to a different outcome when the transcript indicates that LeGrand did not raise concerns about coercion or mental impairment until later and only as additional arguments to attempt to withdraw his plea. The Supreme Court of South Dakota reasonably applied Strickland and found no prejudice.

### 3. Representation During Direct Appeal

LeGrand asserts that counsel did not "adequately advocate appeal issues." Doc. 1 at 11. LeGrand's direct appeal of his first-degree manslaughter conviction challenged the circuit court's denial of his motion to withdraw his guilty plea. Doc. 10-4 at 4. LeGrand claims that appellate counsel was deficient because they failed to argue on appeal that the circuit court erred by not liberally allowing withdrawal of his guilty plea after the court found that withdrawal of the plea

would not prejudice the state.[10]  Doc. 1 at 12.  The Supreme Court of South Dakota affirmed the habeas court's finding that LeGrand's appellate counsel was not deficient because LeGrand's counsel had, in fact, made the argument that LeGrand claims they did not make.  LeGrand, 855 N.W.2d at 132.

This claim cannot support habeas corpus relief.  The state court's factual determinations were supported by the record available to it.  LeGrand's counsel argued, with citations to relevant case law, that the circuit court failed to apply the presumption in favor of liberally granting a motion to withdraw a guilty plea after the court found there would be no prejudice to the state.  Doc. 10-4 at 9–10.  Finding an attorney has provided competent assistance when he or she filed a timely brief that cited and argued the pertinent case law is an eminently reasonable application of the Strickland standard.  See Strickland, 466 U.S. at 687–91.

## III.    Conclusion

The Supreme Court of South Dakota has found LeGrand's first-degree manslaughter conviction to be constitutional because he made a valid guilty plea while represented by competent counsel.  That finding is supported by factual determinations that are reasonably supported by the record, and the state court properly applied federal law.  Therefore, LeGrand has no justification for habeas corpus relief under 28 U.S.C. § 2254 and his petition is denied.

DATED this 14th day of May, 2015.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

---

[10]Supreme Court of South Dakota precedent establishes a presumption in favor of liberally allowing withdrawal of a guilty plea when a court finds that withdrawal of the plea would not prejudice the state.  State v. Engelmann, 541 N.W.2d 96, 100 (S.D. 1995).